## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Dennis M. Rice<br>Tammy S. Rice<br><div align="center">Debtors</div> | CHAPTER 13 |
| U.S. Bank National Association as Trustee for<br>NRZ Pass-Through Trust IV<br><div align="center">Movant</div><br>vs. | NO. 17-15300 REF |
| Dennis M. Rice<br>Tammy S. Rice<br><div align="center">Debtors</div> | 11 U.S.C. Section 362 |
| Frederick L. Reigle, Esq.<br><div align="center">Trustee</div> | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$1,375.38**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | February 1, 2018 at $994.68/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $650.30 |
| **Total Post-Petition Arrears:** | **$1,375.38** |

2.      The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing post-petition contractual mortgage payments, in the following manner:

a). Beginning on March 1, 2018 and continuing through August 1, 2018, until the arrearage is cured, Debtor(s) shall pay the present regular monthly mortgage payment of **$994.68** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month as contractually due (with late charges assessed after the 15th of the month), plus an installment payment towards the arrearage on or before the last day of each month in the amount of **$229.23**;

b).      Debtor(s) shall maintain the regular monthly mortgage payments thereafter;

c).      The current payment address for the mailing of payments is:

<div align="center">
Nationstar Mortgage LLC<br>
ATTN: Bankruptcy Department<br>
P.O. Box 619094<br>
Dallas, Texas 75261-9741
</div>

3.      Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

4.      In the event that any of the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay as to the mortgaged premises and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed form of order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 13, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant/Creditor
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 2-13-18

Marc Kranson, Esquire
Attorney for Debtors

Date: 2/16/18

Frederick L. Reigle
Chapter 13 Trustee

Approved and SO ORDERED by the Court this _____ day of _____, 20___.
However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling